**E-FILED**
Tuesday, 20 August, 2013  11:18:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANDREW W. BECKEL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    v. | ) | 13-CV-3075 |
| | ) | |
| SHAN JUMPER, et al., | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he is hearing disabled.  Defendants are allegedly refusing to accommodate Plaintiff's disability so that Plaintiff can participate in treatment for his mental disorder. Plaintiff has been provided hearing aids but is still unable to hear effectively.  Additionally, Defendants refuse to permit Plaintiff to speak loudly or to ask others to repeat what was said.

Plaintiff also alleges that his treatment plan is based on a false evaluation conducted before Plaintiff had any hearing aids.  Plaintiff

alleges that he was unable to hear or comprehend much of the test and that the evaluation is riddled with inaccuracies and statements Plaintiff did not make.

Plaintiff arguably states a due process claim to the extent he challenges his current mental health treatment.  A plausible inference arises that Defendants' treatment decisions are outside the range of accepted professional judgment because of their alleged reliance on false information and their alleged refusal to acknowledge and accommodate Plaintiff's hearing disability.  Plaintiff also states an arguable claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794.

**IT IS ORDERED:**

1.   The hearing scheduled for August 26, 2013 is cancelled. The clerk is directed to notify Rushville Treatment and Detention Center of the cancellation.

2.   Plaintiff's petition to proceed in forma pauperis is granted (d/e 2).  Pursuant to its review of the Complaint, the Court finds that Plaintiff states a federal constitutional due process claim regarding his mental health treatment and a claim under the Rehabilitation Act.  This case proceeds solely on the claims

identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.   If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.   Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer

should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 28, 2013 at 2:00 p.m., or as soon as

the Court can reach the case, before U. S. District Judge Sue E.
Myerscough by telephone conference.  The conference will be
cancelled if service has been accomplished and no pending issues
need discussion.  Accordingly, no writ shall issue for Plaintiff's
presence unless directed by the Court.

9.   Counsel for Defendants is hereby granted leave to depose
Plaintiff at his place of confinement. Counsel for Defendants shall
arrange the time for the deposition.

10.  Plaintiff shall immediately notify the Court, in writing, of
any change in his mailing address and telephone number.
Plaintiff's failure to notify the Court of a change in mailing address
or phone number will result in dismissal of this lawsuit, with
prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS
DIRECTED TO** attempt service on Defendants pursuant to the
standard procedures.

ENTERED: 8/20/2013

FOR THE COURT:

**                s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE